IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL BROWN,  )<br>  )<br>           Petitioner,  )<br>  )<br>vs.  )<br>  )<br>SCI SOMERSET, *et al.*,  )<br>  )<br>           Respondents.  )<br>  )<br>  )<br>  ) | Civil Action No. 3:22-cv-20<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

**MEMORANDUM ORDER**

*Pro se* Plaintiff, Noel Brown ("Plaintiff") filed a Motion to Reopen Case (ECF No. 24) after this Court adopted in whole the Report and Recommendation of Magistrate Judge Keith A. Pesto (ECF No. 10) as the opinion of the Court (ECF No. 23). In its Memorandum Opinion, *inter alia*, the Court dismissed Plaintiff's Eighth Amendment claim against Defendant Costea, without prejudice, providing Plaintiff the opportunity to amend his complaint to provide further support for his claim. Plaintiff did not file an Amended Complaint and as such all claims were dismissed and the case was closed.

In his Motion and supporting Brief (ECF No. 25), Plaintiff argues to reinstate his original Complaint because he alleges it was sufficient to state an Eighth Amendment claim upon which relief could be granted. He states that the Court did not allow him to develop his claims, especially given the latitude *pro se* plaintiffs should be provided. *See* ECF No. 25, pp. 1, 2-3. Plaintiff also seeks to make several new claims including a Fourteenth Amendment Equal Protection claim saying he was treated differently from similarly situated prisoners. *See* ECF No. 25, p. 2-3.

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance

with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. On August 16, 2022, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 26) recommending that the Motion (ECF No. 24) be denied. Plaintiff was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff timely filed a one-page objection on August 22, 2022 (ECF No. 27) stating that Judge Pesto's Report and Recommendation disregarded the joint and several liability of the defendants and contained an error of law when "plaintiff's preponderance of evidence of intentional tort" was disregarded. ECF No. 27, p. 1.

## I. Legal Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, and the Report and Recommendation (ECF No. 26), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter.

## II. Analysis

The Court evaluates Plaintiff's Motion for Reconsideration under Fed.R.Civ.P. 59(e)[1] and correctly finds that Brown provides no support for changing the Court's ruling. "Federal Rule of Civil Procedure 59(e) concerns 'motion[s] to alter or amend the judgment.'" *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988). "[T]he federal courts generally have

---

[1] Although the Court believes that Plaintiff's Motion is best framed within the context of Federal Rule 59(e), the result would be the same under Rule 60(b). *See generally United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (explaining "similar functions," but different "particular purpose[s]" of, Rules 59(e) and 60(b)).

invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *Id.* (quoting *White v. New Hampshire Dept. of Emp. Sec.,* 455 U.S. 445, 451 (1982)). Under Rule 59(e), to reopen the case or reinstate the Complaint as Plaintiff argues, he would be "required to show: an intervening change in the controlling law; the availability of new evidence that previously was unavailable; or the need to correct clear error or prevent manifest injustice." *Coulter v. Coulter,* No. CV 15-967, 2016 WL 10933110, at *1 (W.D. Pa. June 2, 2016) (citing *Phelps v. Obama,* No. 1:15-CV-2328, 2016 WL 320648, *1 (M.D. Pa. Jan. 27, 2016)).

There has been no change in controlling law and plaintiff has not shown the existence of new evidence previously unavailable. Instead, Plaintiff asserts several new arguments including Equal Protection, supervisory liability, and supplemental jurisdiction over state law claims, all of which are unrelated to constitutional claims in his initial Complaint. Plaintiff makes sweeping, self-serving statements that could, and should, have been raised sooner. *See, e.g., Palladino v. Governor of Pa.,* 589 Fed. Appx. 61, 64 (3d Cir. Oct. 14, 2014) (Rule 59(e) is not a vehicle to "relitigate old matters [by] present[ing] evidence that could have been offered earlier").

The main argument Plaintiff makes in his Motion is that he was not provided the opportunity to develop his meritorious case, but this is untrue as he was provided the opportunity to file an Amended Complaint and chose not to do so. His additional arguments in his Objections were that the Court ignored the joint and several liability of the defendants and ignored the burden of proof of "preponderance of the evidence" for an intentional tort. These arguments are misplaced; neither argument provides a legal basis to change the Court's decision. In other words, there is no indication or proof of manifest injustice. Plaintiff has satisfied no requirement under Rule 59(e) that would support the reopening of this case.[2]

---

[2] It is noteworthy that on September 6, 2022, Plaintiff filed a Notice of Appeal [ECF No. 29] as to [ECF No. 23] Order Dismissing Case.

3

Accordingly, the following order is entered:

**<u>ORDER</u>**

AND NOW, this 12th day of September, 2022, for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 26), which is adopted in whole as the opinion of the Court, it is ORDERED that Plaintiff's Motion to Reopen Case (ECF No. 24) be dismissed; and,

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 27) are OVERRULED.

/s/ Stephanie L. Haines<br>
Stephanie L. Haines<br>
United States District Judge